UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRICELL HENRY,

    *Plaintiff*,                              CASE NO. 13-CV-12881

v.                                          DISTRICT JUDGE MARK A. GOLDSMITH
                                                MAGISTRATE JUDGE CHARLES BINDER

PATRICIA CARUSO,
DEBRA SCUTT, FNU THOMPSON,
FNU MORGAN, DAVE PROGUS,
SUE KRISTENSEN, LIZ LNU,
CORIZON HEALTH,

    *Defendants*.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
PURSUANT TO 28 U.S.C. §§ 1915A(b), 1915e(2)(B), & 42 U.S.C. § 1997e(c)(1)**

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the case be *sua sponte* **DISMISSED** with prejudice.

**II.    REPORT**

    **A.    Introduction**

On July 2, 2013, Plaintiff Darricell Henry filed a *pro se* prisoner civil rights complaint pursuant to 42 U.S.C. § 1983. Magistrate Judge R. Steven Whalen granted Plaintiff's application to proceed without prepayment of fees and ordered the U.S. Marshal to serve the complaint on all defendants. (Doc. 3, 6.)

On December 17, 2013, the case was referred to the undersigned magistrate judge for purposes of conducting all pretrial proceedings. (Doc. 15.) After screening the *pro se* complaint

pursuant to 28 U.S.C. §§ 1915A(b), 1915e(2)(B), and 42 U.S.C. § 1997e(c)(1), I conclude that the case is ready for Report and Recommendation.

### B. Governing Law

A civil rights action under 42 U.S.C. § 1983 consists of two elements: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

When a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). However, even *pro se* complaints must satisfy basic pleading requirements. *Wells v. Brown,* 891 F.2d 591, 594 (6th Cir. 1989). A complaint must be dismissed for failure to state a claim upon which relief can be granted if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(I)).

This case is subject to initial review, or "screening," under several provisions of the United State Code. Pursuant to 28 U.S.C. § 1915A, 28 U.S.C. § 1915(e), and 42 U.S.C. § 1997e(c)(1), a

court is to *sua sponte* dismiss a case if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Such a screening statute allows a court to go beyond the usual dismissal standards because it provides a court with "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989) (referring to the screening statute found in 28 U.S.C. § 1915).

### C. The Complaint

Plaintiff has been incarcerated by the Michigan Department of Corrections ("MDOC") since 1988 and is serving a life sentence. He reports that he suffers from degenerative disk disease, which causes severe neck and shoulder pain. (Compl., Doc. 1 at Pg ID 3.) Plaintiff states that in 2008 he was taken to the hospital in Jackson, Michigan, for "parathyroid surgery." (*Id.*) He alleges that MDOC Director Patricia Caruso ordered the doctor who performed the surgery to implant two transmitting devices in his neck – one called "Digital Angel" and the other a "Jacob transmitter." (*Id.*) These transmitters allegedly allow corrections officials to eavesdrop on Plaintiff's conversations and to make audible rape and death threats to Plaintiff. (*Id.* at Pg ID 4.) Plaintiff further alleges that the prison psychologist was deliberately indifferent to Plaintiff's serious medical needs when the psychologist confessed that Director Caruso ordered the implant of the transmitters, but refused to do anything about it. (*Id.*) Plaintiff also alleges that Defendant Officer Morgan conspired to have Plaintiff murdered for telling several people about the transmitters and then "used the sensation feedback feature" on the transmitters "to wake Plaintiff up at 1 am or 2 am," which prevented him from sleeping for days at a time. (*Id.*)

3

As relief, Plaintiff seeks special, actual, punitive, and cosmetic damages. (*Id.* at Pg ID 8-9.) He also asks "[t]hat this Honorable Court issue an order for the removal of the Digital Angel and Jacob transmitter from petitioner's throat near his vocal cord." (*Id.* at Pg ID 3.)

**D.     Discussion**

As explained above, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). A frivolous complaint is one that lacks a rational or arguable basis in fact or law. *Neitzke*, 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992); *Lawler*, 898 F.2d at 1199.

Having reviewed the instant complaint, I suggest that Plaintiff's claims, which all stem from his allegation that transmitters were surgically implanted in his neck by MDOC officials, are subject to *sua sponte* dismissal as frivolous because they are based upon irrational and delusional factual averments. *See Golden v. Coleman*, 429 F. App'x 73 (3d Cir. 2011) (prisoner's allegations that prison employees violated his constitutional rights by planting "Government Micro Eye Cameras" in his food, which then attached to his visual cortex and sent images to a computer, were fantastic, delusional, and simply unbelievable, and warranted dismissal of his § 1983 action); *Abascal v. Jarkos*, 357 F. App'x 388 (2d Cir. 2009) (claim that prison doctors and officials were deliberately indifferent in using high-tech equipment to control the plaintiff's thoughts and to cause him pain and injury was properly *sua sponte* dismissed as fantastic or delusional).

4

Accordingly, I suggest that Plaintiff's complaint be *sua sponte* dismissed with prejudice pursuant to 28 U.S.C. §§ 1915A(b), 1915e(2)(B), and 42 U.S.C. § 1997e(c)(1).

### III.   REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

                                      s/ Charles E Binder
                                      CHARLES E. BINDER
Dated: December 19, 2013        United States Magistrate Judge

### CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date, and served by first class mail on Darricell Henry, #194061, Gus Harrison Correctional Facility, 2727 E. Beecher St., Adrian, MI, 49221; and served in the traditional manner on District Judge Goldsmith.

Date:  December 19, 2013				By	s/*Jean L. Broucek*
						Case Manager to Magistrate Judge Binder