UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRICELL HENRY,

|  |  |
|---|---|
| Plaintiff, | Case No. 13-12881 |
|  | Hon. Mark A. Goldsmith |
| v. | United States District Judge |
| PATRICIA CARUSO, et al., |  |
| Defendants. |  |

_____/

### OPINION AND ORDER ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S DECEMBER 19, 2013 REPORT AND RECOMMENDATION (DKT. 16), OVERRULING PLAINTIFF'S OBJECTION (DKT. 20), WITHDRAWING THE REFERENCE TO THE MAGISTRATE JUDGE (DKT. 15), DISMISSING THIS ACTION, AND DENYING AS MOOT PLAINTIFF'S MOTION TO CORRECT NAMES OF DEFENDANTS (DKT. 14), MOTION TO WITHDRAW (DKT. 21), AND MOTION TO RE-INSTATE (DKT. 22)

On July 2, 2013, Plaintiff Darricell Henry, a Michigan state prisoner proceeding pro se, filed the instant action against Defendants, claiming that Defendants wrongfully implanted transmission devices into his neck.  See Compl. at 4 (Dkt. 1, CM/ECF pagination).  Plaintiff alleges Defendants used the devices to eavesdrop on his conversations, make death and rape threats to him, and keep him awake at night.  Id.  Plaintiff also claims that Defendants lied to him and falsified x-rays to cover up the implantation of the devices.  Id. at 4-5.

Plaintiff was permitted to proceed with this action in forma pauperis.  7/9/13 Order (Dkt. 3).  The Court subsequently referred the matter to Magistrate Judge Charles E. Binder for all pretrial proceedings.  12/17/13 Order (Dkt. 15).

On December 19, 2013, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending the Court sua sponte dismiss this action.  R&R (Dkt. 16).  The R&R suggested that Plaintiff's allegations were frivolous because they were "based upon irrational and

1

delusional factual averments." Id. at 4. Plaintiff filed an objection to the R&R on January 17, 2014 (Dkt. 20). His sole argument was that he should have been permitted to submit proof of his claim prior to dismissal. Id. at 2.

On January 27, 2014, Plaintiff filed a "Motion to Withdraw Case No.: 13-12881 From Civil Court Proceedings." Mot. at 1 (Dkt. 21). Plaintiff claimed that he "took x-rays of [his] neck" in October 2013, and "the foreign object believed to be an implanted device was a hyoid bone and nothing more." Id. Plaintiff thus sought to "withdraw [his] civil suit." Id. The Court did not have time to rule on this motion, however, because Plaintiff filed a motion to re-instate the case a few days later (Dkt. 22). Plaintiff alleged that the object had been diagnosed by a physician assistant as both a "hyoid bone" and an "adam's apple," but that these are different body parts. Id. at 1. Therefore, Plaintiff sought to reinstate his case because the object in question was still unknown.

The Court has reviewed the complaint, the R&R, Plaintiff's objections, and all pending motions. As the Magistrate Judge recognized, pursuant to 28 U.S.C. § 1915(e)(2)(B), a court must dismiss a complaint filed in forma pauperis "at any time if the court determines that . . . the action . . . is frivolous or malicious." See Olivares v. Leon County Florida State Attorneys Office, No. 14-10098, 2014 WL 234818, at *1 (E.D. Mich. Jan. 22, 2014). The Supreme Court has announced that, for purposes of 28 U.S.C. § 1915, a complaint is frivolous "where it lacks an arguable basis either in law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). To that end, the term "frivolous" under 28 U.S.C. § 1915, "when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." Id. In other words, dismissal is appropriate where the "claims describ[e] fantastic or delusional scenarios, claims with which federal district judges are all too familiar." Id. at 327-328; see also Denton v.

<u>Hernandez</u>, 504 U.S. 25, 33 (1992) (dismissal appropriate when the "facts alleged rise to the level of the irrational or the wholly incredible").

Here, Plaintiff's allegations of a forced and secretive implantation of transmission devices that are being used to monitor and harass him fall within the realm of frivolousness. <u>See Moore v. Robert</u>, No. 06-11911, 2006 WL 2925303, at *1 (E.D. Mich. Oct. 11, 2006) (dismissing claim that a microchip was implanted into plaintiff's brain and that his thoughts were being transmitted to a computer); <u>see also Abascal v. Jarkos</u>, 357 F. App'x 388, 390 (2d Cir. 2009) (dismissing as fantastic or delusional claim that prison doctors and officials were deliberately indifferent in using equipment to control plaintiff's thoughts and behavior and remotely inflict pain). Plaintiff's sole objection to the R&R is that he should have been allowed to provide proof of his claims before dismissal (Dkt. 20), but the law does not require as much for such "fantastic or delusional" claims. To the contrary, 28 U.S.C. § 1915 encourages early dismissal of these claims to avoid wasting the Court's and the parties' time and resources on clearly baseless suits. <u>Neitzke</u>, 490 U.S. at 327. While Plaintiff cites <u>Haines v. Kerner</u>, 404 U.S. 519 (1972), in support of his objection, that case only requires courts to allow supporting evidence when it does not appear "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Id.</u> at 520-521 (quotation marks and citation omitted). This case falls within the "beyond doubt" category, even taking into account the indulgent treatment given to <u>pro se</u> complaints.[1] The forced implantation of transmission devices into Plaintiff's neck so as to harass and eavesdrop on him is wholly incredible.

---

[1] The only evidence Plaintiff seeks to introduce are the x-rays themselves. <u>See</u> Pl.'s Objections at 2 ("[T]he Magistrate Judge should have conducted a non-dispositive pretrial matter with respect to the x-rays which would have precluded dismissal."). But Plaintiff's allegations that Defendants implanted transmitters to monitor and harass him are fanciful and wholly incredible. Moreover, Plaintiff's subsequent motions reveal that the alleged transmitters Plaintiff identifies likely are a part or parts of his body. <u>See</u> Pl.'s Mot. to Withdraw at 1 (claiming the object was

Accordingly, the Court overrules Plaintiff's objections (Dkt. 20) and accepts and adopts the Magistrate Judge's December 19, 2013 R&R (Dkt. 16).   The Court also withdraws its reference to the Magistrate Judge (Dkt. 15), and dismisses this action as frivolous.   The Court lastly denies as moot Plaintiff's motion to correct names (Dkt. 14), motion to withdraw (Dkt. 21), and motion to re-instate case (Dkt. 22).

SO ORDERED.

Dated:  February 7, 2014                    s/Mark A. Goldsmith
        Flint, Michigan                     MARK A. GOLDSMITH
                                            United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 7, 2014.

                                            s/Deborah J. Goltz
                                            DEBORAH J. GOLTZ
                                            Case Manager

---

the hyoid bone); Pl.'s Mot. to Reinstate at 1 (acknowledging that Plaintiff was informed by a physician assistant that the object was the hyoid bone and/or his "adam's apple").